UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LANCE RAIKOGLO, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>UNITED STATES GOVERNMENT,<br><br>                Defendant. | Case No. 3:24-cv-05128-DGE<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiffs' motions to proceed *in forma pauperis* (IFP) for their proposed complaint. Dkt. 7,8. Plaintiffs are unrepresented by an attorney in this matter. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For reasons discussed below, plaintiffs are ordered to show cause why this cause of action should not be dismissed or file an amended complaint on or before April 19, 2024.

## DISCUSSION

Plaintiffs assert that the United States government (including TSA, ICE, and FEMA) violated their Fourteenth Amendment rights. Plaintiffs seek one million dollars in damages for "unjust acts." Dkt. 7 at 5. Plaintiffs state that they are subject to "all acts of investigation with no notices or cause." *See id.* at 6.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be

ORDER TO SHOW CAUSE - 2

futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

### A. Federal Rule of Civil Procedure 8

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege facts that would plausibly show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiffs have not provided sufficient facts to support a claim for relief and have not explained the cognizable legal theory behind their allegations. Plaintiffs offer conclusory assertions that they have suffered harm, but there are insufficient facts regarding the nature of their claims, for example, what happened, when it happened, who was involved, and how these acts violated their rights. As such, plaintiffs have not stated a short and plain statement of a claim showing they are entitled to relief.

### CONCLUSION

Due to the deficiencies described above, it appears that plaintiffs' complaint is subject to dismissal. Plaintiffs may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **April 19, 2024.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiffs a copy of this Order. The Clerk is further directed to re-note plaintiffs' IFP motions to April 19, 2024.

Dated this 1st day of April, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4